IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN A. NORTHEN,                  )
Chapter 7 Trustee for C&M         )
Investments of High Point,        )
Inc., C. Wayne McDonald           )
Contractor, Inc., C. Wayne        )
McDonald, and Wendy C.            )
McDonald,                         )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    1:16CV1023
                                  )
WINDSOR INVESTMENTS OF NORTH      )
CAROLINA, LLC, et al.,            )
                                  )
              Defendants.         )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Withdraw Reference filed by Windsor Investments of North Carolina, LLC ("Defendants" or "Family Defendants").[1] (Doc. 2.) John A. Northen, serving as Chapter 7 Trustee in the cases of C&M Investments of High Point, Inc., C. Wayne McDonald Contractor,

---

[1] The Family Defendants include Windsor Investments of North Carolina, LLC, The Maggie McDonald Irrevocable Trust, The Jason W. McDonald Irrevocable Trust, The Ashley McDonald Davis Irrevocable Trust, Branson Meadows Holding, LLC, Cedar Lane Properties, LLC, Dorothy Jane Smith, Jack Smith, Maggie's Farm, LLC, Jason W. McDonald, The McFactory, LLC, Mac & Mac, LLC, The Melissa Anne Martin Glick Irrevocable Trust, The Michael Steven Martin Irrevocable Trust, and The Mary Margaret McDonald Irrevocable Trust.

Inc., C. Wayne McDonald, and Wendy C. McDonald ("Trustee"), filed objections (Doc. 4) to the Motion to Withdraw Reference, and Defendants replied. (Doc. 7.) This matter is now ripe for resolution, and for the reasons stated herein, Defendants' motion will be denied.

I.  **BACKGROUND**

On August 29, 2014, Trustee filed a Complaint containing seventeen causes of action in "Adversary Case 14-02023." (Bankruptcy Record, Ex. 3, Complaint (Doc. 3-3).) The named defendants are not parties to the bankruptcy case except as a result of the adversary proceeding. The claims asserted in the Complaint are all fraudulent transfer claims against various defendants (id. at 19-54), except for four causes of action seeking declaratory judgments as to various entities. (Id. at 30, 33, 37, 47.) Defendants filed an answer denying the allegations and, inter alia, requesting a "trial by jury on all issues of fact arising under this adversary proceeding." (Bankruptcy Record, Ex. 4, Answer (Doc. 3-4) at 26.)

Trustee filed an Amended Complaint on October 14, 2014 adding additional causes of action. (Bankruptcy Record, Ex. 5, Amended Complaint (Doc. 3-5).) Defendants filed an answer again asserting a request for jury trial (id., Ex. 8, Amended Answer (Doc. 3-8) at 2), and a defense objecting to subject matter

jurisdiction and the jurisdiction of the Bankruptcy Court over all or some of the defendants and claims alleged in the amended complaint. (Id., Ex. 6, Answer (Doc. 3-6) at 21.) Trustee filed an Amendment to the Amended Complaint on December 28, 2015, which included a twenty-fifth cause of action, adding Jason W. McDonald to the group of defendants charged under 11 U.S.C. §§ 544(b), 548, 549 and 550. (Id., Ex. 9 (Doc. 3-9).) Defendants answered on January 25, 2016. (Id., Ex. 10 (Doc. 3-10).)

As noted above, Defendants have moved in this court for an order withdrawing "the reference of this Adversary Proceeding . . . to the United States Bankruptcy Court for the Middle District of North Carolina . . . under Fed. R. Bnkr. P. 5011 and 28 U.S.C. § 157(d)." (Doc. 2 at 1.)

**II. ANALYSIS**

"[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b). Further, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

>     The manner in which a bankruptcy judge may act on
> a referred matter depends on the type of proceeding
> involved. Bankruptcy judges may hear and enter final
> judgments in all core proceedings arising under title
> 11, or arising in a case under title 11. § 157(b)(1).
> Core proceedings include, but are not limited to 16
> different types of matters, including counterclaims by
> a debtor's estate against persons filing claims
> against the estate. § 157(b)(2)(C). . . .
>
>     . . . .
>
>     When a bankruptcy judge determines that a
> referred proceeding is not a core proceeding but is
> otherwise related to a case under title 11, the judge
> may only submit proposed findings of fact and
> conclusions of law to the district court. § 157(c)(1).

Stern v. Marshall, 564 U.S. 462, 473-75 (2011) (internal quotation marks and punctuation omitted).

"Section 157 sets forth the process by which the district court may withdraw matters from the bankruptcy courts." In re Dain, No. 1:12-cv-1251 GBL-IDD, 2013 WL 428458, at *2 (E.D. Va. Jan. 31, 2013). Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

### A. **Mandatory Withdrawal of Reference**

Defendants argue in their Motion to Withdraw Reference that "[t]hey are not subject to the Bankruptcy Court's jurisdiction" because "[t]he Bankruptcy Court lacks the constitutional

- 4 -

authority to enter final judgment in the Lawsuit." (Doc. 2 at 3.) Defendants argue that they "are third parties, not parties to the bankruptcy proceedings, and have demanded trial by jury in the District Court." (Id. at 2.) "Defendants expressly indicate[] they do not consent to entry of final order by the Bankruptcy Court and assert[] their rights to have all claims against them decided, to the maximum degree possible, by a jury in United States District Court." (Id.) Defendants further argue that "no constitutionally core issues exist and if any did exist, Defendants did not consent to determination by the Bankruptcy Court." (Id.)

Trustee responds that "[a] motion to withdraw the reference is premature when there were remaining pretrial matters in this case." (Doc. 4 at 3.) "Specifically, the Trustee intends to file a motion for summary judgment with respect to the claims against the Family Defendants." (Id. at 4).

"Pursuant to Stern v. Marshall . . . adjudication of fraudulent transfer actions under 11 U.S.C. § 548 follows the practice of non-core proceedings with the bankruptcy court having authority only to enter proposed findings of fact and conclusion of law . . . ." In re Daniel, 556 B.R. 722, 724 (Bankr. M.D.N.C. Sept. 2, 2016) (emphasis added). However, "nothing in Stern prohibits the bankruptcy court from handling

pre-trial proceedings, including ruling on dispositive motions." Finley Grp. v. 222 S. Church St., LLC, No. 3:15-cv-00029-FDW, 2015 WL 996631, at *2 (W.D.N.C. Mar. 6, 2015).

> Even assuming it has a right to a jury trial on some or all of the claims in the Trustee's complaint, withdrawal of the reference is not mandated at this time. As the Fourth Circuit observed, the fact that the district court must undertake a jury trial in an adversary proceeding
>
> > does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

Schafer v. Nextiraone Fed., LLC, No. 1:12CV289, 2012 WL 2281828, at *8-9 (M.D.N.C. June 18, 2012) (citing Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.), 13 F.3d 122, 128 (4th Cir. 1993)).

> Further, in a recent case out of this district, the court discussed the implications of Stern when determining the procedure for bankruptcy cases where the bankruptcy court cannot issue final judgment. After careful dissection of the limited case law in this area, the court agreed with other courts in this district — and with other circuit courts — in holding that the authority to issue findings and recommendations can remain with the bankruptcy court regardless of whether the matter is deemed core or non-core under Stern analysis. The court ordered, [t]he Bankruptcy Judge shall conduct discovery and issue findings and recommendations on dispositive motions subject to de novo review by this court.

Finley Grp., 2015 WL 996631, at *2 (internal quotation marks and citations omitted).

Other district courts within the Fourth Circuit have reached the same conclusion as stated in Finley Group when interpreting Stern, allowing bankruptcy courts to retain "the authority to 'submit proposed findings of fact and conclusions of law' that the district court then considers before entering a final judgment." In re El-Atari, No. 1:11cv1090 (LMB/IDD), 2011 WL 5828013, at *3 (E.D. Va. Nov. 18, 2011) (citing 28 U.S.C. 157(c)(1); see Finley Grp., 2015 WL 996631, at *3; ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A., No. 5:12-CV-361-BO, 2012 WL 8667572, at *4 (E.D.N.C. Sept. 28, 2012); In re Joe Gibson's Auto World, Inc., C/A No. 7:11-2482-TMC, 2012 WL 1107763, at *3 (D.S.C. Apr. 2, 2012) (collecting cases); Blue Cross & Blue Shield of N. Carolina v. Jemsek Clinic, P.A., 506 B.R. 694, 701 (Bankr. W.D.N.C. 2014).

This court is in agreement with the above-cited cases and "finds that the bankruptcy court retains reference of this case until the matter is ready for trial. The Bankruptcy Judge shall conduct discovery and issue findings and recommendations on dispositive motions subject to de novo review by this court." Jemsek Clinic, 506 B.R. at 701.

**B.     Permissive Withdrawal of Reference**

Alternatively, Defendants argue in their Reply that:

> Even in a case where the U.S. District Court can refer pre-trial matters to the Bankruptcy Court, the authority to do so does not mean that the District Court should do so and not withdraw the reference at some point in the pre-trial proceedings. When to withdraw during pre-trial matters is discretionary with the District Court.

(Doc. 7 at 1.) When considering a permissive withdrawal,

> [w]hile neither statute nor the Fourth Circuit have explicitly defined [a standard], several district courts within the Fourth Circuit have consistently considered the following factors:
>
> > (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and, (6) the preservation of the right to a jury trial.

Finley Grp., 2015 WL 996631, at *3 (quoting Jemsek Clinic, 506 B.R. at 697); see Mooring Capital Fund, LLC v. Sullivan, Civil Action No. 3:16-CV-74, 2016 WL 4628572, at *4 (N.D. W. Va. Sept. 6, 2016); Mason v. Ivey, 498 B.R. 540, 549 (Bankr. M.D.N.C. 2013); In re Dain, 2013 WL 428458, at *2; ACC Retail, 2012 WL 8667572, at *2.

The first factor is "whether the proceeding is core or non-core." Finley Grp., 2015 WL 996631, at *3. This court observes that because the "status of a fraudulent conveyance claim as a

core proceeding is unclear after Stern, . . . this Court presumes that such claims, like non-core proceedings, may still be heard, although not decided, by bankruptcy courts. Because such claims cannot be treated as core proceedings, this factor weighs in [movant's] favor." In re El-Atari, 2011 WL 5828013, at *5. However, "[t]hough the underlying action does not have the qualities of a core bankruptcy proceeding, there is still significant value in having the bankruptcy court preside over preliminary legal and discovery issues in a proceeding that is related to this bankruptcy action." In re Dain, 2013 WL 428458, at *4 (internal quotation marks omitted). This court agrees and, whether or not fraudulent conveyances remain a core proceeding under Stern, this court concludes that the first factor does not warrant withdrawal at the present time.

The second factor is "the uniform administration of bankruptcy proceedings." Finley Grp., 2015 WL 996631, at *3. "Uniformity of administration is best achieved where the bankruptcy courts are permitted to address matters that have factual and legal issues in common with the bankruptcy action." ACC Retail, 2012 WL 8667572, at *3. The district court cases cited throughout this memorandum indicate that fraudulent transfer hearings are commonly the subject of bankruptcy proceedings, even without classification as core proceedings.

These fraudulent transfer proceedings often relate to underlying bankruptcy actions. As such, the bankruptcy courts are best equipped to address those matters to the furthest extent possible. Accordingly, the court finds that the second factor weighs against withdrawal.

The third factor is "expediting the bankruptcy process and promoting judicial economy." Finley Grp., 2015 WL 996631, at *3. "[J]udicial economy and efficiency favor retention in this case. The claims at issue have been pending for several years in the bankruptcy court. The bankruptcy judge is familiar with the parties, the factual makeup of the case, and the legal and factual issues relevant to the remaining claims." Jemsek Clinic, 506 B.R. at 699. Another district court in a substantially similar situation held that:

> Plaintiffs largely argue that it would be judicially expedient to withdraw the referral to the bankruptcy court because, they claim, a jury trial will at some point have to occur in the District Court. However, even if the bankruptcy court is unable to issue a final order in this case, that court can utilize its extensive knowledge of this complex area of the law and oversee all pre-trial matters and then transfer the action to the District Court when it is ready for trial. Furthermore, the bankruptcy court can hear even non-core matters and submit proposed findings of fact and conclusions of law to the District Court. Using the bankruptcy court's extensive knowledge of this area of law is judicially expedient, even if the final cases is heard before the District Court, and will result in bankruptcy proceedings that are far more uniform. Furthermore, the base of knowledge held by

the bankruptcy court will more efficiently utilize the
parties' resources; therefore, all of these factors
weigh against withdrawing the referral to the
bankruptcy court.

Pettus Properties, Inc. v. VFC Partners 8, LLC, No. 3:12-CV-00041, 2012 WL 273702, at *2 (W.D.N.C. Jan. 31, 2012) (internal citations omitted); see In re El-Atari, 2011 WL 5828013, at *5. With particular relevance to the present case, another district court highlighted that:

> [P]laintiff sensibly argues that judicial economy does
> not favor withdrawal at this time; instead, it is more
> appropriate to allow the bankruptcy court to continue
> to adjudicate this action through the summary judgment
> stage, . . .
>
> . . . .
>
> . . . Defendant essentially argues that it is a
> waste of judicial resources to leave summary judgment
> proceedings to the bankruptcy court where review by
> the district court is, in defendant's view,
> inevitable. This argument, while plausible, is not
> persuasive. To begin with, the forecast of an appeal
> is speculative, as neither party has yet even filed a
> summary judgment motion, nor has any appealable
> decision issued. But more importantly, the argument
> proves too much, for if accepted it would lead to the
> nonsensical conclusion that all references should be
> withdrawn since all dispositive matters resolved by
> the bankruptcy court may be appealed to the district
> court.

In re QSM, LLC, 453 B.R. 807, 811 (Bankr. E.D. Va. 2011) (internal quotation marks omitted). Trustee and Defendants make extremely similar arguments in the present case. This court finds the Defendants' arguments unpersuasive for the same main

reason — the possibility of an appeal does not immediately warrant withdrawal. The potential for a jury trial or an appeal to the district court does not necessitate withdrawal. As discussed above, the bankruptcy court is capable of handling a summary judgment motion and is in an optimal situation to do so, having familiarity with the parties, the facts and the relevant law. As such, this court finds the third factor to weigh heavily against withdrawal.

The fourth factor is "the efficient use of the resources of debtors and creditors." Finley Grp., 2015 WL 996631, at *3. The court does not find this factor to weigh heavily in favor of or against withdrawal, as the parties would likely expend similar amounts of financial resources and manpower litigating this claim in the bankruptcy or district court.

The fifth factor is "reduction in forum shopping." Finley Grp., 2015 WL 996631, at *3. Here, "there is no evidence of forum shopping in the instant case and therefore this factor is neither in favor of nor against withdrawal." Mooring Capital Fund, 2016 WL 4628572, at *7.

The sixth and final factor is "the preservation of a right to a trial by jury (or likelihood of a jury trial)." Finley Grp., 2015 WL 996631, at *3. Even when the moving party is entitled to a jury, "this does not mean that the bankruptcy

court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." Mooring Capital Fund, 2016 WL 4628572, at *7 (internal quotation marks omitted); Finley Grp., 2015 WL 996631, at *4; ACC Retail, 2012 WL 8667572, at *3. The court finds that the sixth factor does not weigh heavily in favor of or against withdrawal.

In conclusion, "[h]aving determined that after Stern, the bankruptcy court retains jurisdiction to hear, but not decide, fraudulent conveyances actions and that the traditional factors for analyzing a motion for withdrawal of reference weigh against withdrawal, defendant's Motion to Withdraw the Reference of Adversary Proceeding will be denied . . . ." In re El-Atari, 2011 WL 5828013, at *7.

For the reasons stated herein, Defendants' Motion to Withdraw Reference (Doc. 2) of this Adversary Proceeding to the United States Bankruptcy Court is **DENIED WITHOUT PREJUDICE**.

This the 9th day of January, 2017.

/s/ William L. Osteen, Jr.
United States District Judge